ORIGINAL



FEB 19 2010

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| In re Application of<br><br>CHEVRON CORPORATION,<br><br>Applicant,<br><br>To Issue A Subpoena For The Taking Of A Deposition And The Production Of Documents | CASE NO. 1 10-MI-0076<br><br>*EX PARTE* APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782 PERMITTING CHEVRON CORPORATION TO ISSUE A SUBPOENA FOR THE TAKING OF A DEPOSITION AND THE PRODUCTION OF DOCUMENTS FROM CHARLES WILLIAM CALMBACHER |

Based upon the annexed declarations of Catherine M. O'Neil ("O'Neil Declaration") and Andrea E. Neuman and the accompanying memorandum of points and authorities, Chevron Corporation ("Chevron") hereby applies to this Court *ex parte* for an Order, pursuant to 28 U.S.C. § 1782, and Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, granting Chevron leave to serve Charles William Calmbacher ("Calmbacher") with the subpoena annexed to the O'Neil Declaration as Exhibit A.

The requested relief is for the purpose of obtaining limited, but necessary, discovery in connection with two civil proceedings currently pending before

foreign tribunals: *Maria Aguinda y Otros v. Chevron Corporation*, a suit filed in 2003 against Chevron in what is now the Provincial Court of Justice of Sucumbíos in Ecuador (the "Lago Agrio Litigation"); and *Chevron Corporation And Texaco Petroleum Company v. The Republic Of Ecuador*, an arbitration claim filed in 2009 by Chevron and Texaco Petroleum Company against the Republic of Ecuador pursuant to Article VI(3)(a) of the Bilateral Investment Treaty between the United States of America and the Republic of Ecuador (the "Treaty Arbitration"). As described further in the accompanying memorandum of points and authorities, Chevron seeks documents and a deposition from Dr. Calmbacher because he served as plaintiffs' expert in the Lago Agrio Litigation and his work has been relied upon by an Ecuadorian expert, Richard Stalin Cabrera Vega, to assert a $27 billion "damage assessment" against Chevron.

This application meets the statutory requirements of Section 1782. First, the Respondent resides or may be found in the Northern District of Georgia. Second, the discovery sought is for use in proceedings currently pending before two foreign tribunals: the Lago Agrio Litigation is pending in Ecuador, and the Treaty Arbitration is pending in the Permanent Court of Arbitration in the Hague. Third, as a litigant in those proceedings, Chevron is an "interested person" within the meaning of Section 1782.

The discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004), weigh heavily in favor of granting the application. First, the Respondent is not a party to either the Lago Agrio Litigation or Treaty Arbitration. *In re Roz Trading Ltd.*, Civ. No. 02305-WSD, 2007 WL 120844 at *2 (N.D. Ga. January 11, 2007) ("Respondent is not a party to the arbitration, and on this ground alone the first *Intel* factor is satisfied."). Second, both BIT tribunals and Ecuadorian Courts historically have been receptive to Section 1782 assistance from federal courts. *See In the Matter of Compania Chilena de Navegacion Interoceanica S.A.*, No. 03 CV 5382 (ERK), 2004 U.S. Dist. LEXIS 6408 (E.D.N.Y. Jan. 29, 2004); *In re Application of Noboa*, Nos. M18-302, M19-111, 1995 U.S. Dist. LEXIS 14402 (S.D.N.Y. Oct. 3, 1995); *In re Oxus Gold PLC*, No. MISC 06-82-GEB, 2007 U.S. Dist. LEXIS 24061 (D.N.J. Apr. 2, 2007); *Ukrnafta v. Carpatsky Petroleum Corp.*, No. 3:09 MC 265 (JBA), 2009 U.S. Dist. LEXIS 109492 (D. Conn. Aug. 27, 2009); *Norfolk S. Corp. v. Gen. Sec. Ins. Co.*, 626 F. Supp. 2d 882 (N.D. Ill. 2009). Third, the application does not conceal an attempt to circumvent proof-gathering restrictions in either of the foreign proceedings, but rather is a good faith effort to obtain probative evidence. *Minatec Fin. S.A.R.L. v. SI Group Inc.*, No. 1:08-CV-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802, at *26 (N.D.N.Y Aug. 18, 2008) ("The

primary issue for us is whether [Applicant] is pursuing this discovery in bad faith."). Finally, the discovery requests are not unduly intrusive or burdensome. The discovery requested goes to central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil Procedure.

Dated: February 19, 2010

Respectfully submitted,

KING & SPALDING LLP

/s/ Catherine M. O'Neil

Catherine M. O'Neil, Esq.
Georgia Bar No. 553714
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
(404) 572-4600 (p)
(404) 572-5100 (f)

Andrea E. Neuman, Esq.
Georgia State Bar No: *Pro Hac Vice Pending*
GIBSON, DUNN & CRUTCHER, LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
(949) 451-3937 (p)
(949) 451-4220 (f)
ANeuman@gibsondunn.com
Attorneys for Applicant
CHEVRON CORPORATION

100801019_1.DOC