IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re Application of CHEVRON CORPORATION for an Order Granting Applicant Leave to Issue a Subpoena For the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782(a),<br><br>                    Applicant. | MISCELLANEOUS FILE NO.<br><br>1:10-MI-0076-TWT-GGB |

## ORDER

This matter is before the court in accordance with 28 U.S.C. § 636(b), upon referral of United States District Judge Thomas W. Thrash, Jr., for consideration and disposition of petitioner Chevron Corporation's ("Chevron") *ex parte* application (Doc. 1) for an order to take discovery pursuant to 28 U.S.C. § 1782 and the Federal Rules of Civil Procedure.

## I.  BACKGROUND FACTS

Chevron is the defendant in a lawsuit in Ecuador involving claims that Chevron (as an alleged successor-in-interest of Texaco, Inc. and/or Texaco Petroleum Company ["TexPet"]) is liable for environmental damages in Ecuador's Oriente region, where TexPet participated from 1964 to 1992 in an oil exploration and production consortium

with Ecuador and its state-owned oil company, Petroecuador.  (Doc. 1-2, Chevron's Memorandum of Law, at 6, 10; Doc. 1-11, Claimants' Notice of Arbitration,  at 3, 9); Republic of Ecuador v. ChevronTexaco Corp., 376 F. Supp. 2d 334, 339-40 (S.D.N.Y. 2005).  The lawsuit is pending in the provincial town of Lago Agrio, Ecuador ("Lago Agrio Litigation").   Chevron and TexPet are also claimants in an international arbitration proceeding initiated in September 2009 against the Republic of Ecuador under the provisions of a Bilateral Investment Treaty ("BIT") between the United States and Ecuador (the "Treaty Arbitration").  (Doc. 1-11).

According to Chevron, in 2004, as part of the Lago Agrio Litigation, the Ecuadorian court ordered a "Judicial Inspection" procedure under which the plaintiffs' experts and Chevron's experts were to investigate jointly the environmental condition of 122 former consortium production sites, and submit reports to the court on their findings.  (Doc. 1-2 at 12; Doc. 1-11, ¶ 45).  Dr. Charles William Calmbacher was appointed the plaintiffs' expert in charge of the inspections.  (Doc. 1-2 at 12).  In that role, Dr. Calmbacher was charged with conducting inspections of at least four of the former oil production sites, obtaining and analyzing samples, and producing an expert report or reports on behalf of the plaintiffs, detailing his findings and conclusions.

2

Just days before Dr. Calmbacher's reports were due, a personal letter request for more time was submitted to the Lago Agrio court that Dr. Calmbacher ostensibly drafted and signed, but in which his own name was misspelled ("Dr. Chuck Calbacher"). (Doc. 1-2 at 7; Doc. 1-20, Ex. J). In addition, the plaintiffs filed a letter with the court purporting to be a refusal by Dr. Calmbacher to certify the chain of custody for some of the samples associated with the sites "because customs officials have broken the security seals without replacing them." (Doc. 1-2 at 13; Doc. 1-21, Ex. K, November 11, 2004 letter). The letter requested permission from the court to take new samples. The Lago Agrio court subsequently ordered Dr. Calmbacher to respond to questions about this incident and the samples, but he did not respond. (Doc. 1-2 at 13; Doc. 1-22, Ex. L; Doc. 1-23, Ex. M).

In February and March 2005, expert reports were filed under Dr. Calmbacher's name, but he again failed to respond to questions submitted through the Lago Agrio court by Chevron about his sampling and reports. (Doc. 1-2 at 14; Docs. 1-31, -32, -33, Exs. U-W). The court subsequently implemented a new procedure and appointed a local Ecuadorian mining engineer, Richard Stalin Cabrera Vega ("Cabrera"), to provide a "global assessment" of the alleged environmental impact and damages. (Doc. 1-11 at ¶¶ 47-48).

3

Pursuant to 28 U.S.C. § 1782, Chevron seeks discovery in the form of a deposition and production of documents and specimen signatures from Dr. Calmbacher, who resides in this district, because he served as the plaintiffs' expert in the Lago Agrio Litigation and his work has been relied upon by the subsequent expert, Cabrera. (Docs. 1-2, 1-42). Chevron seeks an order from this court authorizing it to issue and serve a subpoena *ad testificandum* and *duces tecum* on Dr. Calmbacher. (Doc. 1).

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 636(b), a district "judge may designate a magistrate judge to hear and determine" certain pretrial matters pending before the court. 28 U.S.C. § 636(b).  In the present case, the application for an order to take discovery has been referred to the undersigned magistrate judge by the assigned district judge under Local Rule 72.1(A), which provides: "Non-dispositive matters in a civil action referred to a magistrate judge by a district judge shall be heard and an order entered in compliance with Fed. R. Civ. P. 72(a)."  LR 72.1(A), NDGa; see also In re Qwest Commc'n Int'l Inc., No. 3:08mc93, 2008 WL 2741111, at *3 (W.D.N.C. July 10, 2008)(concluding that the petition had been properly referred and that jurisdiction existed under Section 636(b) for the magistrate judge to consider such application); see

4

also <u>In re Compania Chelena de Navegagion</u>, 03-CV-5382 (ERK), 2004 U.S. Dist. LEXIS 6408, at *3 (E.D.N.Y. Jan. 29, 2004)(noting that the magistrate judge had authority to hear and determine a petition to preserve evidence pursuant to 28 U.S.C. § 1782 on referral from the district judge).   I find that jurisdiction exists under 28 U.S.C. § 636(b) to issue an order because the application before the court involves a non-dispositive matter.

Chevron's application for the issuance of an order to take discovery is brought pursuant to 28 U.S.C. § 1782(a).[1]   The Supreme Court has stated that § 1782(a)

---

[1] The relevant portion of § 1782(a) provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal,...   The order may be made ... upon the application of any interested person....   The order may prescribe the practice and procedure ... for taking the testimony or statement or producing the document or other thing.   To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.   A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).

AO 72A

(Rev.8/8 2)

"authorizes, but does not require, a federal district court to provide assistance to a complainant" in a foreign proceeding.  Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 255 (2004).  As the Eleventh Circuit Court of Appeals stated in In re Clerici, 481 F.3d 1324 (11th Cir. 2007), a district court is authorized to grant an application for judicial assistance under § 1782(a) when the following four requirements are met:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

Id. at 1331-32 (quoting 28 U.S.C. § 1782(a)).  Chevron argues that it satisfies all four requirements: (1) as a litigant in proceedings currently pending before two foreign tribunals -- the Lago Agrio Litigation in Ecuador, and the Treaty Arbitration in the Permanent Court of Arbitration in the Hague – Chevron is an "interested person" within the meaning of § 1782 (Doc. 1 at 2); (2) Chevron's request seeks evidence for (3) use in those proceedings; and (4) the respondent, Dr. Calmbacher, resides or may be found in the Northern District of Georgia.

AO 72A
(Rev.8/8
2)

The Supreme Court has stated, "No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782...." Intel Corp., 542 U.S. at 256. Because Chevron is a litigant in the pending foreign and/or international actions, it satisfies the "interested person" requirement. Chevron also meets the second requirement of §1782(a) because its request seeks evidence from Dr. Calmbacher, specifically deposition testimony and the production of documents and other tangible things. (Doc. 1). The third and fourth requirements are also met because the evidence is for use in proceedings before foreign and/or international tribunals, and the respondent, Dr. Calmbacher, resides or may be found in the Northern District of Georgia. See Intel Corp., 542 U.S. at 257 (noting that by using the phrase "a proceeding in a foreign or international tribunal," Congress intended to include not only judicial proceedings abroad, but administrative and quasi-judicial proceedings as well); In re Application of Roz Trading Ltd., No. 1:06-CV-02305-WSD, 2007 WL 120844, at *1 (N.D. Ga. Jan. 11, 2007)("The text of § 1782(a) provides no basis for distinguishing between 'public' and 'private' arbitral tribunals"); (Doc. 1-42). Because Chevron has satisfied all four requirements under § 1782(a), the court is authorized to grant its application for judicial assistance.

7

AO 72A

(Rev.8/8 2)

Although this court has *authority* to afford the relief requested, the court must consider the factors articulated by the Supreme Court in deciding *whether* to grant § 1782 relief to an applicant. See Intel Corp., 542 U.S. at 255. The factors to consider are:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

In re Clerici, 481 F.3d at 1334 (citing Intel Corp., 542 U.S. at 264-65).

Dr. Calmbacher is not a party to, or participant in, either the Lago Agrio Litigation or Treaty Arbitration, which weighs in favor of granting the § 1782(a) application. (Doc. 1 at 3). See In re Roz Trading Ltd., 2007 WL 120844, at *2 ("Respondent is not a party to the arbitration, and on this ground alone the first *Intel* factor is satisfied"). As noted by Chevron, this is not a situation where "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to

8

produce evidence." <u>Intel Corp.</u>, 542 U.S. at 264.  Indeed, the Lago Agrio court ordered

Dr. Calmbacher at least twice to respond to questions concerning his sampling and

reports, but was ineffective in securing any responses.  (Doc. 1-2 at 23).

With regard to the second factor, § 1782 has previously been applied to

authorize discovery for matters pending in Ecuadorian courts.  <u>See, e.g.</u>, <u>In re</u>

<u>Compania Chilena</u>, 2004 U.S. Dist. LEXIS 6408 (ordering depositions and production

of evidence to assist in an Ecuadorian proceeding); <u>In re Application of Alvaro Noboa</u>,

Nos. M18-302, M19-111, 1995 U.S. Dist. LEXIS 14402, at *1-2, 11-12 (S.D.N.Y. Oct.

3, 1995)(ordering depositions to assist in Ecuadorian probate proceeding).  Section

1782 has also been applied to authorize discovery for matters subject to international

arbitration, like the Treaty Arbitration.  <u>See</u> <u>In re Oxus Gold PLC</u>, Case No. MISC 06-

82-GEB, 2007 U.S. Dist. LEXIS 24061, at *11-14 (D.N.J. Apr. 2, 2007)(holding that

§ 1782 applies to international treaty arbitrations that are governed by the United

Nations Commission on International Trade Law ("UNCITRAL") rules); <u>Ukrnafta v.</u>

<u>Carpatsky Petroleum Corp.</u>, Case No. 3:09-MC-265 (JBA), 2009 U.S. Dist. LEXIS

109492, at *12-13 (D. Conn. Aug. 27, 2009)(granting plaintiff's ex parte application

for service of discovery pursuant to § 1782 for use in international arbitral proceeding

in Sweden pursuant to UNCITRAL rules of arbitration).

9

Moreover, the court may properly grant a § 1782 request "even if the specific [foreign] panel deciding the underlying dispute would not order similar discovery or ultimately decides not to accept the specific discovery ordered by this Court." In re Roz Trading Ltd., 2007 U.S. Dist. LEXIS 2112, at *7; see also Intel Corp., 542 U.S. at 265 (finding that § 1782 petition could still be proper even if the foreign tribunal states "that it does not need or want the District Court's assistance"); Weber v. Finker, 554 F.3d 1379, 1385 (11th Cir. 2009)("Section 1782 does not require that every document discovered be actually used in the foreign proceeeding").

As to the third and fourth factors, there is nothing before this court to suggest that Chevron is attempting to conceal an attempt to circumvent foreign proof-gathering restrictions. To the contrary, it appears that the Lago Agrio court ordered at least some of the discovery that Chevron now seeks, but it was not forthcoming.

Nor does it appear that Chevron's request for discovery from Dr. Calmbacher is "unduly intrusive or burdensome." In re Clerici, 481 F.3d at 1334 (quoting Intel Corp., 542 U.S. at 265, 124 S. Ct. at 2483). Chevron seeks authorization to issue and serve a subpoena on Dr. Calmbacher commanding deposition attendance and the production of documents and other tangible things limited to the following topics: the documents and communications relating to his work for the plaintiffs on the relevant

10

production sites in Ecuador and the reports that he prepared, including but not limited to documents relating to sample taking, testing, analysis, and chain of custody, as well as his retention and payment by -- and cessation of work for – the plaintiffs in the Lago Agrio Litigation.  It does not appear that Chevron's discovery request is unreasonable or oppressive; instead, it appears to be sufficiently limited in scope and narrowly-tailored to satisfy the requirements of § 1782(a).   The third and fourth factors weigh in favor of granting the application for judicial assistance.

The court also notes that if Dr. Calmbacher objects to all or any part of the issued subpoena, he may file a motion to quash the subpoena.  This is significant because § 1782 "ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." In re Letter of Request from Supreme Court of Hong Kong, 138 F.R.D. 27, 32 n.6 (S.D. N.Y. 1991) (citing In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976)).

For all the foregoing reasons and cited authority, Chevron's application for authorization to take discovery (Doc. 1) is **GRANTED**. It is **ORDERED** that Chevron is authorized, under 28 U.S.C. § 1782(a), to seek discovery from Dr. Calmbacher

11

AO 72A

(Rev.8/8

2)

pursuant to the Federal Rules of Civil Procedure by issuing and serving the proposed subpoena *ad testificandum* and *duces tecum* (annexed to the Declaration of Catherine M. O'Neil as Exhibit A, Doc. 1-9) on Dr. Calmbacher,[2] with the exception that he shall be allowed a reasonable time, pursuant to the Federal Rules of Civil Procedure, to comply with the subpoena.

As all matters pending before the court that were referred to me have now been adjudicated, the Clerk of the Court is **DIRECTED** to close this miscellaneous matter.

**IT IS SO ORDERED**, this 2nd day of March, 2010.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

---

[2] In Weber v. Finker, 554 F.3d 1379, 1384 (11th Cir. 2009), the court found that the taking of testimony and the production of documents pursuant to the Federal Rules of Civil Procedure were authorized by § 1782(a).  Likewise, Dr. Calmbacher (and if allowed by the federal rules, the opposing parties in the Lago Agrio Litigation and Treaty Arbitration) may, in accordance with Fed. R. Civ. P. 45, oppose the discovery sought by Chevron.

AO 72A

(Rev.8/8
2)